```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                              PLAINTIFF

        v.           Civil No. 06-6053

ISSA ENTERPRISES, INC., d/b/a
COLORADO GRILL                                          DEFENDANT

## O R D E R

    Now on this 6th day of February, comes on for consideration defendant's **Motion To Dismiss** (document #5), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   In this Title VII case, plaintiff alleges that defendant sexually harassed several female employees, and then retaliated against those employees by terminating them when they complained of the harassment.

    Defendant moved to dismiss, contending that it did not have the requisite number of employees for the requisite time period to bring it within the purview of Title VII. While no brief accompanied the motion, it was supported by an exhibit purporting to show the number of employees at various time periods.

    2.   Plaintiff responded with its own exhibits purporting to show that defendant *did* have the requisite number of employees, but pointed out that -- as of that time -- no discovery had been conducted and initial disclosures had not yet been made. Plaintiff suggested that if the Court were to consider the various documents attached to the motion and the response, the motion

would have to be converted to a motion for summary judgment. Plaintiff also pointed out defendant's failure to comply with **Local Rule 7.2(e),** which provides that "motions to dismiss, shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief."

3.   Turning first to the last of these points, the Court notes that the pending motion was set forth in a separate pleading, and that, although the brief was not set out separately from the motion, the motion did cite the particular narrow legal authority upon which it relies.  The Court, therefore, will not decline to consider the motion for failure to comply with **Local Rule 7.2(e).**

4.   The term "employer" is defined, for Title VII purposes, as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." **42 U.S.C. 2000e(b).**  This threshold number is "an element of plaintiff's claim for relief, not a jurisdictional issue." **Arbaugh v. Y&H Corp., 546 U.S. 500 (2006).**

The Complaint alleges, at paragraph 3, that "[a]t all relevant times, Defendant . . . has continuously had at least fifteen (15) employees."  Thus dismissal for failure to state a claim, pursuant to **F.R.C.P. 12(b)** would not be proper.  The Court has considered whether it would be appropriate to convert the

pending motion to one for summary judgment, pursuant to **F.R.C.P. 12(b),** and finds it would not.  No discovery has been had, and initial disclosures -- which were to be made by January 5, 2007, pursuant to the Court's Scheduling Order -- had not been made when the motion and response thereto were filed.  The Court believes the better course of action is to deny the motion at this time, without prejudice to its renewal when sufficient discovery has taken place to allow the parties to present admissible evidence in support thereof.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss** (document #5) is **denied.**

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
       **JIMM LARRY HENDREN**
       **UNITED STATES DISTRICT JUDGE**