```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     HOT SPRINGS DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                    PLAINTIFF

       v.                Civil No. 06-6053

ISSA ENTERPRISES, INC., d/b/a
COLORADO GRILL                                                DEFENDANT

## O R D E R

Now on this 29th day of August, 2007, comes on for consideration **Defendant's Motion For Summary Judgment** (document #19), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   In this Title VII case, plaintiff alleges that defendant sexually harassed several female employees, and then retaliated against those employees by terminating them when they complained of the harassment.

Defendant now moves for summary judgment, contending that it did not have the requisite number of employees for the requisite time period to bring it within the purview of Title VII. Plaintiff has responded to the motion, and it is ripe for decision.

    2.   Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**,

**31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp., 45 F.3d 262 (8th Cir. 1995).** The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op, 838 F.2d 268 (8th Cir. 1988).**

  3. The term "employer" is defined, for Title VII purposes, as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." **42 U.S.C. 2000e(b).** This threshold number is "an element of plaintiff's claim for relief, not a jurisdictional issue." **Arbaugh v. Y&H Corp., 546 U.S. 500 (2006).**

  The Complaint, filed on September 20, 2006, alleges that from about August 1, 2003, defendant had engaged in unlawful employment practices, including sexual harassment. The parties agree that the current calendar year, for **2006(b)** purposes, is 2006; the preceding calendar year is 2005.

  4. Defendant has presented documentation, and various forms of analysis of that documentation, aimed at establishing that it

did not have fifteen or more employees for each working day in each of twenty or more calendar weeks in 2005 or 2006, the relevant years.

Plaintiff counters with evidence that contradicts defendant's calculations, including the following:

- \*   The Affidavit of Tammie Rodriguez, which avers that Ismael Aguirre Jr. worked in 2005 from January through September. He is not included in defendant's list of employees for 2005.
- \*   The Affidavit of Elan Kesilman Fowler, which avers that for six months in 2005, two boys worked for defendant who are not shown on defendant's list of employees.
- \*   The Affidavit of Reannan Howell, which avers that an employee named Holly Phillips worked for defendant "for about six months" in 2005. Phillips is not included in defendant's list of 2005 employees.
- \*   Howell further avers that she worked for defendant from September, 2004, until September, 2005, and that defendant always had "over 15 employees."

These Affidavits create a genuine issue of material fact precluding summary judgment in this case. Reasonable jurors could find that the employees noted in these Affidavits did, in fact, work for defendant, and that, when added to the employees listed by defendant, defendant had 15 or more employees for 20 or more

-3-

weeks in 2005.  Defendant's motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that **Defendant's Motion For Summary Judgment** (document #19) is **denied.**

**IT IS SO ORDERED.**

                                                  /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**