## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 06-6053 |
| v. ) ) | |
| ISSA ENTERPRISES, INC. D/B/A COLORADO GRILL ) ) ) ) | |
| Defendant. ) | |

### CONSENT DECREE

This action was instituted on September 20, 2006, by the Equal Employment Opportunity Commission (the Commission) against Issa enterprises, Inc. d/b/a Colorado Grill to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII), and the Civil Rights Act of 1991, 42 U.S.C. §1981a. The Commission's complaint alleged that female employees were subjected to sexual harassment and retaliation during their employment at Defendant's restaurant in Hot Springs.

This Consent Decree does not constitute an admission by the Defendant of the allegations of the Complaint. All parties to this action desire to avoid the additional expense and delay in litigation of this case. In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations, the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

NOW, THEREFORE, the Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

## I. JURISDICTION

The United States District Court for the Western District of Arkansas, Hot Springs Division, has jurisdiction over the parties and subject matter of this litigation.

## II. SCOPE AND DURATION OF DECREE

A. This Consent Decree resolves all issues and claims arising out of Plaintiff's Complaint in this cause, alleging unlawful employment policies and practices maintained by the Defendant and arising out of Charge No. 251-2006-00092 filed by Tammie Rodriguez and Charge No. 251-2006-00245 filed by Elan Kesilman Fowler with the EEOC. This Consent Dcree resolves the claims of Ms. Rodriguez and Ms. Fowler, as well as the class of females who were adversely effected by sexual harassment in Defendant's workplace, as alleged in Charge No. 251-2006-00092 and Charge No. 251-2006-00245. Notwithstanding any provisions contained in this Decree, this Agreement shall not be considered in any manner to be dispositive of any charge other than Charge No. 251-2006-00092 and Charge No. 251-2006-00245.

B. The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for a period of three years from the date of the entry of this Decree except for Section VI.D. (neutral reference) which will be in effect permanently.

## III. NON-DISCRIMINATION PROVISIONS

A. Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant agree to refrain from engaging in any employment practice which has the purpose or effect of discriminating against any employee because of their sex. Defendant agrees to refrain from permitting its employees to be subjected to a sexually hostile work environment.

B. Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant agree to refrain from subjecting employees to constructive discharge.

C. Defendant agrees to train its supervisors and managers in the requirements of Title VII of the Civil Rights Act of 1964, as amended, regarding the prevention of sexual harassment and constructive discharge.

D. Defendant will provide a copy of its sexual harassment policy to all of its employees who work in the Hot Springs facility within thirty (30) days of the entry of this decree.

E. Defendant agrees to conduct training sessions on the prevention of sexual harassment for all the employees who work in Hot Springs facility including Nicholas Issa, and all managers and supervisors in its Hot Springs facility. These training sessions will be conducted within ninety (90) days of the entry of this decree. A list of the employees that attend the training sessions, a copy of any syllabi, and a copy of the training materials will be provided to Plaintiff within thirty (30) days of the training sessions.

## IV. NON-RETALIATION PROVISION

Defendant, its officers, agents, employees, and all persons acting in concert with Defendant shall not take any retaliatory measure, against any employee for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or for making a charge or complaint to the EEOC, testifying, assisting or participating in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964, as amended.

## V. NOTICE

Defendant shall conspicuously post at its facility in Hot Springs, Arkansas, the notice (poster) required to be posted pursuant to Title VII of the Civil Rights Act of 1964, as amended.

Furthermore, Defendant shall conspicuously post the notice at Appendix A of this Decree at its facility in Hot Springs, Arkansas for a one year period commencing within ten (10) days after entry of this Decree by the Court. The notice will be signed by Nicholas Issa.

## VI. INDIVIDUAL RELIEF

A. Defendant shall not include any reference to the charges of discrimination filed by Tammie Rodriguez and Elan Kesilman Fowler or this litigation in the personnel files of Tammie Rodriguez, Elan Kesilman Fowler, Kasie Boyd, Natalie Jones, and Reannan Howell.

B. Defendant agrees to pay $10,000 to Tammie Rodriguez. Defendant shall deliver to Tammie Rodriguez, a cashier's check made payable to "Tammie Rodriguez" in the amount of $4,000 within 45 days of the entry of the decree. Defendant will deliver a second cashier's check to "Tammie Rodriguez" in the amount of $6,000 within one year of entry of the decree. Plaintiff will provide Defendant's counsel with the current mailing address of Tammie Rodriguez within ten (10) days of the entry of the decree. Defendant agrees that there will be no withholding from these checks and will issue 1099 forms to Ms. Rodriguez for each check.

C. Defendant agrees to pay $10,000 to Elan Kesilman. Defendant shall deliver to Elan Kesilman, a cashier's check made payable to "Elan Kesilman" in the amount of $4,000 within 45 days of the entry of the decree. Defendant will deliver a second cashier's check to "Elan Kesilman" in the amount of $6,000 within one year of entry of the decree. Plaintiff will provide Defendant's counsel with the current mailing address of Elan Kesilman within ten (10) days of the entry of the decree. Defendant agrees that there will be no withholding from these checks and will issue 1099 forms to Ms. Kesilman for each check.

D.     Defendant agrees to pay $3,000 to Kasie Boyd. Defendant shall deliver to Kasie Boyd, a cashier's check made payable to "Kasie Boyd" in the amount of $1,000 within 45 days of the entry of the decree. Defendant will deliver a second cashier's check to "Kasie Boyd" in the amount of $2,000 within one year of entry of the decree. Plaintiff will provide Defendant's counsel with the current mailing address of Kasie Boyd within ten (10) days of the entry of the decree. Defendant agrees that there will be no withholding from these checks and will issue 1099 forms to Ms. Boyd for each check.

E.     Defendant agrees to pay $1,000 to Natalie Jones. Defendant shall deliver to Natalie Jones, a cashier's check made payable to "Natalie Jones" in the amount of $500 within 45 days of the entry of the decree. Defendant will deliver a second cashier's check to "Natalie Jones" in the amount of $500 within one year of entry of the decree. Plaintiff will provide Defendant's counsel with the current mailing address of Natalie Jones within ten (10) days of the entry of the decree. Defendant agrees that there will be no withholding from these checks and will issue 1099 forms to Ms. Jones for each check.

F.     Defendant agrees to pay $1,000 to Reannan Howell. Defendant shall deliver to Reannan Howell, a cashier's check made payable to "Reannan Howell" in the amount of $500 within 45 days of the entry of the decree. Defendant will deliver a second cashier's check to "Reannan Howell" in the amount of $500 within one year of entry of the decree. Plaintiff will provide Defendant's counsel with the current mailing address of Reannan Howell within ten (10) days of the entry of the decree. Defendant agrees that there will be no withholding from these checks and will issue 1099 forms to Ms. Howell for each check.

G.     Defendant shall forward a copy of all of the cashier's checks to William A. Cash, Jr. at the Commission Office in Little Rock, Arkansas.

H.     Defendant agrees to provide a neutral reference for Tammie Rodriguez, Elan Kesilman Fowler, Kasie Boyd, Natalie Jones, and Reanna Howell to any potential employers who request a job reference. Any such neutral reference shall be identical to the form demonstrated in Appendix B. No mention of the charges of discrimination or this action will be made as part of the neutral reference.

## VII. COSTS

Each of the parties shall bear their own costs, including attorneys' fees.

SO ORDERED THIS 11 DAY OF Sept, 2007.

JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 1 1 2007

CHRIS R. JOHNSON, CLERK

BY
    DEPUTY CLERK

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| | *[signature]* |
| | **RUSSELL GUNTER** |
| **RONALD S. COOPER** | CROSS, GUNTER, |
| General Counsel |    WITHERSPOON & GALCHUS |
| | 500 President Clinton Ave., Ste. 200 |
| **JAMES LEE** | P.O. Box 3178 |
| Deputy General Counsel | Little Rock, AR 72203 |
| | Telephone:   (501) 231-0035 |
| **GWENDOLYN YOUNG REAMS** | |
| Associate General Counsel | |
| | *[signature]* |
| *[signature]* | **NICHOLAS ISSA** |
| **FAYE A. WILLIAMS** | |
| Regional Attorney | |
| 1407 Union Avenue, Suite 901 | |
| Memphis, TN 38104 | |
| Telephone:  (901) 544-0088 | |

*[signature]*
**WILLIAM A. CASH JR.**
Supervisory Trial Attorney

*[signature]*
**PAMELA B. DIXON**
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
Telephone:   (501) 324-5539
             (501) 324-5065

APPENDIX A

NOTICE

## NOTICE

1. Colorado Grill has agreed with the EEOC to post this notice for one year to reinforce the company's policies concerning the prevention of sexual harassment and retaliation against any employee.

2. Federal law prohibits an employer from taking retaliatory action against any employee for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

3. Federal law prohibits sexual harassment in the workplace. Sexual harassment includes unwelcome sexual comments, sexual jokes and touching of a sexual nature.

4. Colorado Grill supports and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission and/or testified, assisted or participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964, as amended.

_____

**NICHOLAS ISSA**

_____

DATE

APPENDIX B

NEUTRAL REFERENCE

Dear _____,

This letter is in response to your inquiry regarding the employment of _____ while employed at Colorado Grill.

Ms. _____ worked at Colorado Grill from _____ through _____. Company policy does not permit us to give out any more information concerning Ms. _____ employment.

I am sure Ms. _____ can provide you with the details concerning her tenure at Colorado Grill. I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,



Colorado Grill